No. 12,812.

STODDARD ET AL. *v.* KUHN.
(24 P. [2d] 747)

Decided August 15, 1933.

Mr. WARWICK M. DOWNING, Mr. RICHARD DOWNING, for plaintiffs in error.

MR. ALVIN H. PICKENS, Mr. MARTIN G. MOLHOLM, for defendant in error.

*In Department.*

MR. CHIEF JUSTICE ADAMS delivered the opinion of the court.

KUHN, hereinafter referred to as plaintiff, sued and recovered judgment against Stoddard and the Exploration Company, a Maine corporation, hereinafter called defendants, for work and labor performed by plaintiff. Defendants assign error.

The plaintiff's claim was for a salary at the rate of $200 per month for twenty-two months, amounting to the sum of $4,400, less $473 paid thereon, leaving a bal-

ance of $3,927 plus interest, which was the amount of the verdict and judgment.

The Exploration Company was engaged in the business of developing, or attempting to develop, properties under oil and gas leases and permits in the state of Wyoming. Stoddard was president and manager of the company, devoting his entire time to its interests; he testified that no other officer of the company was authorized or empowered to make contracts of employment; Stoddard's wife owned most of the capital stock of the company; they resided in Denver, Colorado, in which city Stoddard maintained an executive office and transacted business for the company. It was there that the contract of employment was made and the services rendered by plaintiff under Stoddard's directions, according to plaintiff's testimony.

The evidence shows in substance, that plaintiff, a man of maturity, was employed by defendants in their Denver office to greet numerous callers, answer the telephone, do errands and follow Stoddard's instructions, which he did, with a prospect of further employment in the Wyoming oil fields. Defendants' chief contention is that their alleged employment at the salary named of a man like plaintiff is so improbable and ridiculous that it must be disbelieved. Defendants are unsparing of words in depicting plaintiff's alleged lack of qualifications, but we do not know him, and apparently the jurors, who saw and heard him, were more favorably impressed with his version of the affair, and that of his wife, than they were with the testimony of the individual defendant.

It is unnecessary to recount the evidence, but Stoddard and Kuhn were old friends in mining communities, and the former knew the latter's limitations, whatever they were, when the employment was made. It would seem only natural that Stoddard, in the flush of his hopes and expectancy of success in a new enterprise, should see fit to employ his old friend as an aid at a modest salary.

We have fully considered all of defendants' arguments, but in the last analysis, as far as they are pertinent, they relate to questions of fact for the exclusive consideration of the jury. We find no error in the record.

Judgment affirmed.

MR. JUSTICE HILLIARD and MR. JUSTICE HOLLAND concur.